NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000755
20-OCT-2014
10:33 AM

NO. CAAP-12-0000755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAYMOND EARL ARD, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CRIMINAL NO. 05-1-0062)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Raymond Earl Ard (**Ard**) appeals from the Circuit Court of the Fifth Circuit's (**Circuit Court's**) August 3, 2012 Order Denying Director of Health's Application for Conditional Release Filed October 17, 2011.[1]

On March 2, 2005, Ard was charged with Count I: Attempted Murder in the First Degree, Hawaii Revised Statutes (**HRS**) §§ 705-500 (1993), 707-701(1)(a) (1993) and 706-656 (1993 & Supp. 2013); Count II: Murder in the Second Degree (1993), HRS §§ 707-701.5 (1993) and 706-656; and Count III, Attempted Murder in the Second Degree, HRS §§ 705-500, 707-701.5, and 706-656. The charges stemmed from an attack on February 25, 2005, when Ard stabbed both his step-son (who was a minor at the time) and his neighbor, John Kerns (**Kerns**). While the boy survived, Kerns died

---

[1] The Honorable Kathleen N.A. Watanabe presided.

from his injuries. On May 25, 2006, after a bench trial, the Circuit Court found Ard guilty of Count I and not guilty of Counts II and III (citing <u>Briones v. State</u>, 74 Haw. 442, 848 P.2d 966 (1993)). However, the court acquitted Ard on the ground of physical or mental disease, disorder, or defect. The court also found that Ard was not a proper subject for conditional release and committed him to the custody of the Department of Health (**DOH**). He was thereafter committed to the Hawai'i State Hospital.

On October 17, 2011, DOH moved for a mental examination by a three-panel board of examiners pursuant to HRS § 704-414 (Supp. 2013) and for Ard's conditional release pursuant to HRS § 704-412 (Supp. 2013). A three-panel board of examiners was appointed. The State of Hawai'i, represented by the County of Kaua'i Prosecuting Attorney's Office, opposed Ard's conditional release. After receiving reports and testimony, on July 5, 2012, the Circuit Court denied the motion for conditional release.

On appeal, Ard raises a single point of error, contending that the Circuit Court erred in denying DOH's application for conditional release.

After carefully reviewing the record and the parties' briefs, and analyzing the law relevant to the arguments, we resolve Ard's point of error as follows:

The Hawai'i Supreme Court, in <u>State v. Miller</u>, set forth the standard of review applicable to the denial of an application for conditional release as follows:

> In reviewing sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the state and determine if there was substantial evidence to support the conclusion of the trier of fact. <u>State v. Pone</u>, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995). "Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." <u>Id.</u> Moreover, "it is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]" <u>Tachibana v. State</u>, 79 Hawai'i 226, 239, 900 P.2d 1293, 1306 (1995). Accordingly, the circuit court is "vested with the authority to make the ultimate decision regarding whether the evidence establishes the requisite conditions for release." <u>State v. Dudley</u>, 903 S.W.2d 581, 584 (Mo.App.

W.D.1995) (citing State v. Ross, 795 S.W.2d 648, 650 (Mo.App.1990)).

84 Hawaiʻi 269, 278-79, 933 P.2d 606, 615-16 (1997).

Here, although there were conflicting opinions and testimony, there was substantial evidence to support the Circuit Court's determination that Ard continued to suffer from a mental disease and that he could not be released without danger to himself or others. In handing down its July 5, 2012 decision, the Circuit Court made clear that it placed great weight on Dr. Gerald McKenna's testimony and did not believe Ard could be released without risk to the safety of others in his community. Dr. McKenna's opinion stated, *inter alia*, that Ard "has a time bomb in him that is going to go off at some point in the future" and that his underlying mental illness was what caused him to commit murder in the first place. Dr. McKenna also expressed concern that Ard does not believe he has a psychiatric disorder and therefore is not likely to seek treatment on his own. Dr. McKenna's testimony provided substantial evidence to support the Circuit Court's decision. See Miller, 84 Hawaiʻi at 278-79, 933 P.2d at 615-16. This court will not pass upon the Circuit Court's assessment of the credibility of the witnesses and the weight of the evidence in this case. See Tachibana, 79 Hawaiʻi at 239, 900 P.2d at 1306.

Accordingly, the Circuit Court's August 3, 2012 Order Denying Director of Health's Application for Conditional Release Filed October 17, 2011 is affirmed.

DATED: Honolulu, Hawaiʻi, October 20, 2014.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3